## In Re: Coroner's Inquest Subpoena Duces Tecum

*John J. Grenko,* for petitioner Matt Mazza.
*William R. Bernhart,* for petitioner John Caltagirone.
*John B. Stevens, Jr.,* assistant district attorney, for coroner Michael F. Feeney.
*Michael F. Feeney, pro se.*

SMITH, *J.,* December 9, 1986—The Coroner's Office of Berks County issued a "coroner's inquest subpoena, duces tecum subpoena" on "Matt Mazza" and "John Caltagirone", respectively, directing that these two individuals,

". . . appear . . . before a Coroner's Inquest to be holden for the County of Berks, on December 9, 1986 at the hour of 7:00 p.m. EST, next, to testify all and singular those things you know between us or to produce duces tecum *any and all information pertaining to Route 422 Exeter,* as we investigate the death of Charles Chiarelli . . ."

In fact, Matt Mazza and John Caltagirone are employees of the Commonwealth of Pennsylvania, Department of Transportation. Matt Mazza, nee Matthew Mazza is the District Engineer of the Department of Transportation and John Caltagirone is the Community Relations Coordinator for the Department of Transportation.

Petitions to quash subpoenas were filed on behalf of parties and filed to the above term and number.

A hearing was held on Tuesday, December 9, 1986 at which time all parties were represented in-

cluding the coroner personally and represented by John B. Stevens, Assistant District Attorney.

At the hearing it became apparent that although the named parties in the subpoena were named as individuals, the intention was to subpoena them in their work capacity.

A "subpoena duces tecum" is a process by which a court (in this case a coroner), at the instances of a party, commands a witness who has in his possession or control some document or paper that is pertinent to the issues of a pending controversy, to produce it at the trial.

The individuals subpoenaed raise several grounds to have the subpoenas quashed. One of the grounds is that the requested information was over-broad, non-specific and too general to permit compliance. This is self-evident. Route 422 appears to have been a roadway existing for all the years of this county, i.e., over 200 years. To compile "any and all information pertaining to Route 422" is to direct an impossible order.

As to the other grounds pleaded for quashing the subpoenas, they need not be considered. All parties being present, agreed that the confidentiality provisions of 75 P.S. §3754(b) apply. The section of the law reads as follows:

"(b) *Confidentiality of reports.*—Information, records and reports associated with in-depth accident investigations shall not be admissible as evidence in any legal action or other proceeding, nor shall officers or employees or the agencies charged with the procurement or custody of in-depth accident investigation records and reports be required to give evidence pertaining to anything contained in such in-depth accident investigation records or reports in any legal action or other proceeding."

It was apparent at the hearing that the information sought was the very type of information specified in the statute. Parties agree that in light of the section the subpoenas must be quashed.

Therefore, we enter the following

## ORDER

And now, this December 9, 1986, the coroner's inquest subpoenas issued to Matt Mazza and John Caltagirone are hereby quashed.